**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 1:17-CR-224 |
| | ) | |
| YOUNG YI, *et al.*, | ) | Hon. Liam O'Grady |
| | ) | |
| *Defendant*. | ) | |
| | ) | |

**DEFENDANT YOUNG YI'S MOTION *IN LIMINE* TO EXCLUDE
IMPROPER LAY WITNESS OPINION**

Defendant Young Yi ("Mrs. Yi.") respectfully seeks the exclusion of lay opinion testimony by former employees of her companies about the *legality*, *medical necessity*, and *propriety* of medical procedures allegedly employed by the companies. These topics are rightly reserved for the Court and qualified expert witnesses. Many of the former employees from whom the prosecution may seek to elicit such testimony are not medical doctors, were young when hired, and had no prior training or experience in medicine or health insurance. These employees' testimony on issues of legality, medical necessity, and general appropriateness of the companies' practices would constitute unreliable and highly prejudicial lay opinion testimony and thus should be excluded under Rules 701 and 403 of the Federal Rules of Evidence.

Under Federal Rule of Evidence 701, a lay witness may testify only as to opinions "(a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness's testimony or the determination of a fact in issue." Fed. R. Evid. 701. Pursuant to Rule 701, lay witnesses may not provide opinions "based on scientific, technical, or other specialized knowledge." *Id.* This prohibition was added to ensure that litigants do not evade the reliability requirements by proffering "expert testimony dressed in lay witness clothing." *United*

*States v. Perkins*, 470 F.3d 150, 156 (4th Cir. 2006); *see also Certain Underwriters at Lloyd's, London v. Sinkovich*, 232 F.3d 200, 203 (4th Cir. 2000) (explaining that Rule 701 "generally does not permit a lay witness to express an opinion as to matters which are beyond the realm of common experience and which require the special skill and knowledge of an expert witness." (citation and internal quotation marks omitted)).

Legal issues are the exclusive province of the Court.  They are not for the jury to decide, or for lay witnesses to opine on.  *See United States v. McIver*, 470 F.3d 550, 562 (4th Cir. 2006) (opinion testimony that draws legal conclusions by applying law to the facts is generally inadmissible).  If the Court needs assistance in deciding such an issue beyond what can be provided by the lawyers trying the case, the only type of witness who could be qualified to offer testimony on that subject would be a lawyer with specialized experience and expertise in the relevant area.  However, it is unlikely that even such a witness could be helpful here, because if the law is so unclear in this area that specialized expertise would be required to help the Court understand it, the rule of lenity would bar a conviction of the defendant, who is not an attorney. *See United States v. Santos*, 553 U.S. 507, 513–14 (2008) (rule of lenity requires ambiguous criminal laws to be interpreted in favor of the defendants subjected to them); *Cleveland v. United States*, 531 U.S. 12, 25 (2000) (ambiguity regarding the scope of criminal statutes should be resolved in favor of lenity) (internal quotation marks omitted).

In this case, the Prosecution produced FBI interview memoranda ("FD-302s") reflecting interviews with many former company employees.  These memoranda indicate that the interviewing agents repeatedly elicited from these employees statements about whether the employee now believed (after being interviewed by the FBI) that various alleged practices by the companies were "legal" or "appropriate" or "necessary."  These topics included (a) whether

follow-up sleep studies or "retirations" are appropriate or medically necessary, (b) whether a doctor's referral was necessary for scheduling and billing initial sleep studies or retitrations, (c) whether various diagnoses or courses of treatment were appropriate (*i.e.*, the prescription of CPAP machines following the completion of a sleep study), (d) whether it was appropriate or legal to submit claims to health insurance on behalf of entities affiliated companies, and (e) whether it was appropriate to use one type of medical code versus another in the course of submitting claims to health insurers.

These topics arise at the intersection multiple highly complicated and technical fields and involve questions of medical practice standards, insurance payer requirements, and legal and regulatory requirements.  While the former employees may testify about the facts—*i.e.*, what they did and what they observed while employed—testimony concerning the legality, necessity, or appropriateness of the medical and business practices employed by the companies would be inherently speculative as these lay witnesses (who are not medical doctors) do not possess the specialized knowledge, skill, or education necessary to reliably address these issues. Accordingly, such testimony should be excluded under Rules 701 and 403.  *See United States v. Stacks*, 571 F. App'x 163, 171 (4th Cir. 2014) ("[L]ay opinion testimony—whether offered by a police officer or a civilian—must be based on the witness's personal knowledge." (citing *United States v. Hassan*, 742 F.3d 104, 135–36 (4th Cir. 2014))); *United States v. Patel*, 485 F. App'x 702, 717 (5th Cir. 2012) *cert. denied*, 133 S. Ct. 1619 (2013) ("[N]urses and technicians who were not qualified as experts opined about arterial blockage or whether an X-ray indicated a lesion . . . . [T]hese witnesses arguably strayed impermissibly into expert terrain."); *United States v. White*, 492 F.3d 380, 404 (6th Cir. 2007) (district court erred when it allowed Medicare auditors "to effectively testify as experts without first being qualified"); *Athridge v. Aetna Cas.*

3

*& Sur. Co.*, 474 F. Supp. 2d 102, 105 (D.D.C. 2007) ("Speculative testimony as to what a witness would have done under different circumstances cannot possibly be based on the witness's perception.").

Furthermore, this Court should exclude testimony based upon information gleaned from leading statements of law enforcement agents, as "post-hoc assessments cannot be credited as a substitute for the personal knowledge and perception required under Rule 701." *United States v. Johnson*, 617 F.3d 286, 293 (4th Cir. 2010).

## CONCLUSION

For the reasons set forth above, Mrs. Yi respectfully requests that the Court grant its Motion *in Limine* to Exclude Improper Lay Witness Opinion.

Respectfully submitted,


/s/ Preston M. Smith
Preston M. Smith (VA Bar # 86908)
Ian S. Hoffman (VA Bar # 75002)
Kirk Ogrosky (admitted *pro hac vice*)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., N.W.
Washington, D.C.  20001-3743
Telephone:  +1 202.942.5000
Facsimile:  +1 202.942.5999
E-mail:  ian.hoffman@arnoldporter.com
E-mail:  preston.smith@arnoldporter.com
E-mail:  kirk.ogrosky@arnoldporter.com

*Counsel for Defendant Young Yi*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed on July 2, 2018, with the Court's CM/ECF system which will send a notice of electronic filing to counsel of record for all parties.

/s/ Preston M. Smith
Preston M. Smith (VA Bar # 86908)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., N.W.
Washington, D.C.  20001-3743
Telephone:  +1 202.942.5000
Facsimile:  +1 202.942.5999
E-mail:  preston.smith@arnoldporter.com

*Counsel for Defendant Young Yi*