**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 1:17-CR-224 |
| | ) | |
| YOUNG YI, *et al.*, | ) | Hon. Liam O'Grady |
| | ) | |
| *Defendant*. | ) | |
| | ) | |

## DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE
## RULE 404(B) EVIDENCE

The Indictment alleges that Defendant Young Yi ("Mrs. Yi") filed a false tax return for tax year 2010, and includes details of specific checks the prosecution contends were improperly accounted for. *See* Doc. # 1, ¶53. At trial, the evidence will establish that Mrs. Yi is not criminally liable for filing her 2010 tax return, or that she engaged in any criminal conspiracy.

However, on June 29, 2018, at 11:15 p.m.—one business day before Defendant's motion *in limine* deadline—the prosecution notified Mrs. Yi that it not only would be presenting evidence concerning her 2010 tax return, but also would be presenting evidence purporting to show that Mrs. Yi filed false tax returns in *six other years*—namely, in 2009 and 2011 through 2015.[1] The prosecution's notice provides no detail concerning the nature of this evidence beyond generic assertions about using her company's funds for her personal purchases.

The prosecution's proposed Rule 404(b) evidence is inadmissible for three reasons. First, the Rule 404(b) Notice is defective as it is generic and overly broad, failing to inform Mrs. Yi of the nature of the evidence the prosecution intends to present about the alleged other bad acts.

---

[1] The prosecution also disclosed other evidence it intends to present under Rule 404(b). Undersigned counsel is still reviewing this information and, given the timing of the prosecution's notice, Mrs. Yi reserves all rights to seek exclusion of the other evidence identified by the prosecution at a later date.

Without further information, particularly where the alleged acts cover such a large period of time, neither Mrs. Yi nor the Court can determine whether the proposed evidence is admissible under Rule 404(b).  Second, the proposed evidence is classic propensity evidence that must be excluded under Rule 404(b)(1).  The prosecution intends to prove that Mrs. Yi filed a false tax return in 2010 by presenting evidence purporting to show she filed false tax returns in other years.  Moreover, the evidence is irrelevant to an issue other than character, unnecessary, unreliable, and its limited probative value is outweighed by its prejudicial impact.  The Court should exclude the prosecution's Rule 404(b) evidence related to Mrs. Yi's income tax returns.

**ARGUMENT**

**I.     The Prosecution Failed to Provide Reasonable Notice of the Rule 404(b) Evidence**

Rule 404(b) requires the prosecution to provide "reasonable notice of the general nature of any such evidence that the prosecutor intends to offer at trial."  Fed. R. Evid. 404(b)(2)(A).  In this case, the prosecution noticed its intention to introduce evidence that Mrs. Yi filed false tax returns in years other than the year alleged in the Indictment.  Specifically, the Notice provides that:

> Young Yi caused the preparation and filing of false federal income tax returns for 1st Class Sleep Diagnostic Center and herself, including for tax years 2009, and 2011 through 2015, with the Internal Revenue Service ("IRS"). As Yi well knew, these returns underreported her income, in part by falsely classifying personal expenses as business expenses. This was part of a general practice of using company accounts and funds for personal purchases, including luxury purchases and real estate.

*See* Rule 404(b) Notice (attached as Exhibit A).

This notice is defective as it does not inform the defendant of the "general nature of any such evidence that the prosecutor intends to offer at trial."  Fed. R. Evid. 404(b)(2)(A).  From this vague description, Mrs. Yi cannot discern the type of evidence the prosecution seeks to

2

introduce, nor the volume of such evidence.  Instead, Mrs. Yi is left to guess as to what the prosecution might present concerning her voluminous tax returns, which incorporated the earnings from Mrs. Yi's various companies, were prepared at various times by three separate accounting firms, and spanned a six year period of time (2009 and 2011 through 2015).  This severely limits Mrs. Yi's ability to defend herself.  Indeed, without further information, it is difficult for both Mrs. Yi and the Court to determine whether the evidence the prosecution intends to submit is admissible under Rule 404(b) under the multi-factor tests described below.  For example, there is no way to discern the reliability of the proposed 404(b) evidence without substantially more information.  Accordingly, the Court should find the prosecution's notice defective in this regard and exclude the proffered evidence relating to Mrs. Yi's federal income tax returns.

## II.    The Evidence of Mrs. Yi's Federal Income Tax Returns For Other Years Is Improper Propensity Evidence, and Is Not Being Offered For a Proper Purpose.

Rule 404(b)(1) expressly forbids the use of "[e]vidence of a crime, wrong, or other act . . . to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."  Here, by attempting to prove the allegation that Mrs. Yi filed a false tax return for tax year 2010 by introducing evidence of her allegedly doing the same in 2009, 2011, 2012, 2013, 2014, and 2015, the prosecution is introducing improper propensity evidence.  This evidence cannot be construed as evidence of consciousness of guilt, motive, opportunity, intent, preparation, plan, knowledge, absence of mistake, or accident as there is no evidence showing supporting the prosecution's contention this evidence is anything but propensity evidence.  Instead, this is a naked attempt to back door in propensity evidence, most of which occurred *after* the charged offense, and it should be rejected.  *See United States v.*

3

*Briley*, 770 F.3d 267, 275 (4th Cir. 2014) (explaining that evidence of other crimes that "tends to prove only criminal disposition" should be excluded).

Further, the proposed Rule 404(b) evidence is irrelevant to an issue other than character, unnecessary, unreliable, and its limited probative value is outweighed by its prejudicial impact. In the Fourth Circuit, there is a four-part test to determine the admissibility of Rule 404(b) evidence: "(1) the [Rule 404(b)] evidence must be relevant to an issue other than character, such as intent; (2) it must be necessary to prove an element of the crime charged; (3) it must be reliable; and (4) its probative value must not be substantially outweighed by its prejudicial nature." *United States v. Garcia-Lagunas*, 835 F.3d 479, 493 (4th Cir. 2016). Here, based even on the limited information provided, the prosecution's proffered evidence fails this test.

**A.      The 404(b) Evidence Is Irrelevant To Any Issue Other Than Character.**

The prosecution's proffered propensity evidence is irrelevant to any issue other than character. The Fourth Circuit's decision in *Briley* is instructive. In that case, the defendant was charged with four counts "arising from intimate sexual activities in a national park." *Briley*, 770 F.3d at 269. During trial, the prosecution introduced evidence of the defendant engaging in similar conduct on occasions both prior and subsequent to his arrest. *Id.* at 271. The district court admitted that conduct as Rule 404(b) evidence over the defendant's objection. *Id.* On appeal, the Fourth Circuit found that it was error to admit the prior and subsequent conduct as Rule 404(b) evidence of the defendant's intent, warning that the other bad acts "came too close to pure propensity evidence." *Id.* at 276.

This case is no different. By introducing allegations of both prior and subsequent conduct of Mrs. Yi as it relates to the filing a false tax return charge, the prosecution again comes "too close to pure propensity evidence." *Id.* As the Fourth Circuit cautioned in *Briley*:

> [T]here was a risk in using the [other bad act evidence] at trial. That risk inheres in all propensity evidence, namely that the government could deploy the subsequent act as a character smear that might actually infect the entirety of the trial—by portraying the defendant in the eyes of the jury as a person deserving of particular condemnation almost irrespective of the various forms of misconduct of which he stood accused.

*Id.* at 277. Because the prosecution is attempting to improperly introduce character evidence that has no relevance to any other issues, the Court should find that the evidence is inadmissible.

### B.      The Proffered Evidence Is Not Necessary To Prove The Offense Charged.

"Evidence is 'necessary,' for purposes of establishing an exception under Rule 404(b), when that evidence is an essential part of the crimes on trial or when that evidence furnishes part of the context of the crime." *United States v. McBride*, 676 F.3d 385, 398 (4th Cir. 2012) (citation and internal quotation marks omitted). Courts do not determine "necessity" in a vacuum, instead analyzing necessity "in light of other evidence available to the government." *United States v. Byers*, 649 F.3d 197, 209 (4th Cir. 2011) (citation and internal quotation marks omitted). Accordingly, "as the quantum of other non-Rule 404(b) evidence available to prove an issue unrelated to character increases, the need for the Rule 404(b) evidence decreases." *Id.* (citation and internal quotation marks omitted).

Here, evidence regarding Mrs. Yi's tax returns for tax years 2009, 2011, 2012, 2013, 2014, and 2015 is not necessary to prove whether Mrs. Yi filed a false tax return in 2010. *Cf. Briley*, 770 F.3d at 276 (finding that district court erred in admitting propensity evidence in part because it was unnecessary, explaining "even with a recognition of the uncertainties of trial outcomes, the prosecution had to know it had more than enough evidence from the January incident alone to prove that Briley had engaged in an unlawful act"). The *only* evidence that the prosecution needs is evidence related to the 2010 federal income tax return. Further, the

5

proffered tax return evidence also provides no context for her 2010 tax return.  Because the evidence is unnecessary, it should be excluded.

### C.       The Tax Return Evidence From Other Tax Years Is Unreliable.

The tax return evidence is *per se* unreliable as it has not been introduced beyond the prosecution vague reference in its Rule 404(b) notice.  Mrs. Yi has no way of knowing what evidence the prosecution intends to use against her as none has been offered.  Because there is no way to determine the reliability of the evidence, it should be excluded.

### D.       The Probative Value of the Evidence Is Exceeded by Its Prejudicial Impact.

Simply put: evidence of whether Mrs. Yi filed a false tax return in 2009, 2011, 2012, 2013, 2014, and 2015 is not probative of whether she filed a false tax return in 2010.  The filing of each year's federal income tax return is a single, independent act, the existence of which does not depend on the occurrence of another.  On the other hand, such evidence would be highly prejudicial as it has the likelihood of confusing the jury and potentially impugning the character of Mrs. Yi, making her appear as if she is disposed to committing criminal acts that were never even charged or proven.  For that reason, the Court should exclude this evidence.

### CONCLUSION

For the reasons set forth above, Mrs. Yi respectfully requests that the Court grant its Motion *in Limine* to Exclude 404(b) Evidence and exclude the prosecution's Rule 404(b) evidence as it relates to the filing of Mrs. Yi's federal tax returns from 2009, 2011, 2012, 2013, 2014, and 2015.

Respectfully submitted,

/s/ Preston M. Smith
Preston M. Smith (VA Bar # 86908)
Ian S. Hoffman (VA Bar # 75002)
Kirk Ogrosky (admitted *pro hac vice*)

6

ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., N.W.
Washington, D.C.  20001-3743
Telephone:  +1 202.942.5000
Facsimile:  +1 202.942.5999
E-mail:  ian.hoffman@arnoldporter.com
E-mail:  preston.smith@arnoldporter.com
E-mail:  kirk.ogrosky@arnoldporter.com

*Counsel for Defendant Young Yi*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed on July 2, 2018, with the Court's CM/ECF system which will send a notice of electronic filing to counsel of record for all parties.

/s/ Preston M. Smith
Preston M. Smith (VA Bar # 86908)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., N.W.
Washington, D.C.  20001-3743
Telephone:  +1 202.942.5000
Facsimile:  +1 202.942.5999
E-mail:  preston.smith@arnoldporter.com

*Counsel for Defendant Young Yi*