<u>INSTRUCTION NO. 1</u>

Members of the Jury:

Now that you have heard all of the evidence that is to be received in this trial and each of the arguments of counsel it becomes my duty to give you the final instructions of the Court as to the law that is applicable to this case. You should use these instructions to guide you in your decisions.

All of the instructions of law given to you by the Court–those given to you at the beginning of the trial, those given to you during the trial, and these final instructions–must guide and govern your deliberations.

It is your duty as jurors to follow the law as stated in all of the instructions of the Court and to apply these rules of law to the facts as you find them to be from the evidence received during the trial.

Counsel have quite properly referred to some of the applicable rules of law in their closing arguments to you. If, however, any difference appears to you between the law as stated by counsel and that as stated by the Court in these instructions, you, of course, are to be governed by the instructions given to you by the Court.

You are not to single out any one instruction alone as stating the law, but must consider the instructions as a whole in reaching your decisions.

Neither are you to be concerned with the wisdom of any rule of law stated by the Court. Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty to base any part of your verdict upon any other view or opinion of the law than that given in these instructions of the Court just as it would be a violation of your sworn

duty, as the judges of the facts, to base your verdict upon anything but the evidence received in the case.

You were chosen as juror for this trial in order to evaluate all of the evidence received and to decide each of the factual questions presented by the allegations brought by the government in the indictment and the plea of not guilty by the defendants.

In resolving the issues presented to you for decision in this trial you must not be persuaded by bias, prejudice, or sympathy for or against any of the parties to this case or by any public opinion.

Justice–through trial by jury–depends upon the willingness of each individual juror to seek the truth from the same evidence presented to all the jurors here in the courtroom and to arrive at a verdict by applying the same rules of law as now being given to each of you in these instructions of the Court.

<u>INSTRUCTION NO. 2</u>

There is nothing particularly different in the way that a juror should consider the evidence in a trial from that in which any reasonable and careful person would deal with any very important question that must be resolved by examining facts, opinions, and evidence. You are expected to use your good sense in considering and evaluating the evidence in the case. Use the evidence only for those purposes for which it has been received and give the evidence a reasonable and fair construction in the light of your common knowledge of the natural tendencies and inclinations of human beings.

If the defendant be proved guilty beyond a reasonable doubt, say so. If not proved guilty beyond a reasonable doubt, say so.

Keep constantly in mind that it would be a violation of your sworn duty to base a verdict upon anything other than the evidence received in the case and the instructions of the Court. Remember as well that the law never imposes upon the defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence because the burden of proving guilt beyond a reasonable doubt is always with the government.

<u>INSTRUCTION NO. 3</u>

The evidence in this case consists of the sworn testimony of the witnesses–regardless of who may have called them–all exhibits received in evidence–regardless of who may have produced them–all facts which may have been agreed to or stipulated and all facts and events which may have been judicially noticed.

When the attorneys on both sides stipulate or agree as to the existence of a fact, you may accept the stipulation as evidence and regard that fact as proved.  You are not required to do so, however, since you are the sole judge of the facts.

The Court has taken judicial notice of certain facts or events. When the Court declares that it has taken judicial notice of some fact or event, you may accept the Court's declaration as evidence and regard as proved the fact or event which has been judicially noticed. You are not required to do so, however, since you are the sole judge of the facts.

Any proposed testimony or proposed exhibit to which an objection was sustained by the Court and any testimony or exhibit ordered stricken by the Court must be entirely disregarded by you.  Anything you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

Questions, objections, statements, and arguments of counsel are not evidence in the case unless made as an admission or stipulation of fact.  You are to base your verdict only on the evidence received in the case.  In your consideration of the evidence received, however, you are not limited to the bald statements of the witnesses or to the bald assertions in the exhibits.  In other words, you are not limited solely to what you see and hear as the witnesses testify or as the exhibits are admitted.  You are permitted to draw from the facts which you find have been proved such reasonable inferences as you feel are justified in the light of your experience and common sense.

<u>INSTRUCTION NO. 4</u>

There are two types of evidence which are generally presented during a trial–direct evidence and circumstantial evidence. Direct evidence is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness. Circumstantial evidence is proof of a chain of facts and circumstances indicating the existence of a fact. The law makes no distinction between the weight or value to be given to either direct or circumstantial evidence. Nor is a greater degree of certainty required of circumstantial evidence than of direct evidence. You should weigh all the evidence in the case.

<u>INSTRUCTION NO. 5</u>

Inferences are simply deductions or conclusions which reason and common sense lead the jury to draw from the evidence received in the case.

<u>INSTRUCTION NO. 6</u>

If any reference by the Court or by counsel to matters of testimony or exhibits does not coincide with your own recollection of that evidence, it is your recollection which should control during your deliberations and not the statements of the Court or of counsel.

You are the sole judges of the evidence received in this case.

<u>INSTRUCTION NO. 7</u>

The questions asked by a lawyer for either party to this case are not evidence. If a lawyer asks a question of a witness which contains an assertion of fact, therefore, you may not consider the assertion by the lawyer as any evidence of that fact. Only the answers are evidence.

## INSTRUCTION NO. 8

You, as jurors, are the sole and exclusive judges of the credibility of each of the witnesses called to testify in this case and only you determine the importance or the weight, if any, that their testimony deserves. After making your assessment concerning the credibility of a witness, you may decide to believe all of that witness' testimony, only a portion of it, or none of it.

In making your assessment of that witness you should carefully scrutinize all of the testimony given by that witness, the circumstances under which each witness has testified, and all of the other evidence which tends to show whether a witness, in your opinion, is worthy of belief. Consider each witness's intelligence, motive to falsify, state of mind, and appearance and manner while on the witness stand. Consider the witness's ability to observe the matters as to which he or she has testified and consider whether he or she impresses you as having an accurate memory or recollection of these matters. Consider also any relation a witness may bear to either side of the case, the manner in which each witness might be affected by your verdict, and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness or between the testimony of different witnesses may or may not cause you to disbelieve or discredit such testimony. Two or more persons witnessing an incident or a transaction may simply see or hear it differently. Innocent misrecollection, like failure of recollection, is not an uncommon human experience. In weighing the effect of a discrepancy, however, always consider whether it pertains to a matter of importance or an insignificant detail and consider whether the discrepancy results from innocent error or from intentional falsehood.

After making your own judgment or assessment concerning the believability of a witness, you can then attach such importance or weight to that testimony, if any, that you feel it deserves.

You will then be in a position to decide whether the government has proven the charge[*s*] beyond a reasonable doubt.

<u>INSTRUCTION NO. 9</u>

The testimony of an immunized witness, someone who has been told either that their crimes will go unpunished in return for testimony or that their testimony will not be used against them in return for that cooperation with the government, must be examined and weighed by the jury with greater care than the testimony of someone who is appearing in court without the need for such an agreement with the government.

The jury must determine whether the testimony of an immunized witness has been affected by self-interest, or by the agreement they have with the government, or by their own interest in the outcome of this case, or by prejudice against the defendant.

<u>INSTRUCTION NO. 10</u>

The testimony of an alleged accomplice, someone who said he/she participated in the commission of a crime, must be examined and weighed by the jury with greater care than the testimony of a witness who did not participate in the commission of that crime.

Dannie Ahn, Tim Ahn, and Joy Lyle may be considered to be alleged accomplices in this case.

The fact that an alleged accomplice has entered a plea of guilty to the offense charged is not evidence of the guilt of any other person including the defendant.

The jury must determine whether the testimony of the accomplice has been affected by self-interest, or by an agreement he may have with the government, or by his own interest in the outcome of this case, or by prejudice against the defendant.

The testimony of a witness may be discredited or, as we sometimes say, impeached by showing that he or she previously made statements which are different than or inconsistent with his or her testimony here in court. The earlier inconsistent or contradictory statements are admissible only to discredit or impeach the credibility of the witness and not to establish the truth of these earlier statements made somewhere other than here during this trial.  It is the province of the jury to determine the credibility of a witness who has made prior inconsistent or contradictory statements.

<u>INSTRUCTION NO. 12</u>

The testimony of a witness may be discredited or impeached by evidence showing that the witness has been convicted of a felony, a crime for which a person may receive a prison sentence of more than one year.

Prior conviction of a crime that is a felony is one of the circumstances which you may consider in determining the credibility of that witness.

It is the sole and exclusive right of the jury to determine the weight to be given to any prior conviction as impeachment and the weight to be given to the testimony of anyone who has previously been convicted of a felony.

## INSTRUCTION NO. 13

The defendant in a criminal case has an absolute right under our Constitution not to testify.

The fact that the defendant did not testify must not be discussed or considered in any way when deliberating and in arriving at your verdict. No inference of any kind may be drawn from the fact that the defendant decided to exercise her privilege under the Constitution and did not testify.

As stated before, the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or of producing any evidence.

<u>INSTRUCTION NO. 14</u>

The defendant has offered evidence of her good general reputation for honesty, integrity, being a law-abiding citizen. The jury should consider this evidence along with all the other evidence in the case in reaching its verdict.  Evidence of a defendant's reputation, inconsistent with those character traits ordinarily involved in the commission of the crimes charged, may give rise to a reasonable doubt since you may think it improbable or unlikely that a person of good character for honesty, integrity, and for being a law-abiding citizen would commit such crimes.

<u>INSTRUCTION NO. 15</u>

You have heard the testimony of law enforcement witnesses. The fact that a witness may be employed by the government as a law enforcement officer does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

At the same time, it is quite legitimate for defense counsel to try to attack the credibility of a law enforcement witness on the grounds that his or her testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witnesses and to give that testimony whatever weight, if any, you find it deserves.

<u>INSTRUCTION NO. 16</u>

A separate crime is charged in each count of the indictment. Each charge, and the evidence pertaining to it, should be considered separately by the jury. The fact that you may find the defendant guilty or not guilty as to one of the counts should not control your verdict as to any other count. Each charge is made up of separate elements, which will be set forth later in these instructions. Your decision regarding each charge must be unanimous with respect to each separate element of that charge.

<u>INSTRUCTION NO. 17</u>

Charts or summaries have been admitted into evidence and have been shown to you during the trial for the purpose of explaining facts that are allegedly contained in books, records, or other documents which are also in evidence in the case. You may consider the charts and summaries as you would any other evidence admitted during the trial and give them such weight or importance, if any, as you feel they deserve.

<u>INSTRUCTION NO. 18</u>

I instruct you that you must presume the defendant to be innocent of the crimes charged. Thus the defendant, although accused of crimes in the indictment, begins the trial with a "clean slate"—with no evidence against her. The indictment, as you already know, is not evidence of any kind. The law permits nothing but legal evidence presented before the jury in court to be considered in support of any charge against the defendant. The presumption of innocence alone, therefore, is sufficient to acquit the defendant.

The burden is always upon the prosecution to prove guilt beyond a reasonable doubt. This burden never shifts to the defendant for the law never imposes upon the defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence. The defendant is not even obligated to produce any evidence by cross-examining the witnesses for the government.

It is not required that the government prove guilt beyond all possible doubt. The test is one of reasonable doubt.

Unless the government proves, beyond a reasonable doubt, that the defendant has committed each and every element of the offenses charged in the indictment, you must find the defendant not guilty of the offenses.

<u>INSTRUCTION NO. 19</u>

You are here to determine whether the government has proven the guilt of the defendant for the charges in the indictment beyond a reasonable doubt. You are not called upon to return a verdict as to the guilt or innocence of any other person or persons.

So, if the evidence in the case convinces you beyond a reasonable doubt of the guilt of the defendant for the crimes charged in the indictment, you should so find, even though you may believe that one or more other unindicted persons are also guilty. But if any reasonable doubt remains in your minds after impartial consideration of all the evidence in the case, it is your duty to find the defendant not guilty.

<u>INSTRUCTION NO. 20</u>

Each count of the indictment charges the defendant with a violation of federal law.  The indictment alleges a number of separate means or methods by which the defendant is accused of violating the law.

The government is not required to prove all of the means or methods alleged in each count of the indictment.

Each juror must agree with each of the other jurors, however, that the same means or methods alleged in each count of the indictment was, in fact, engaged in or employed by the defendant in committing the crime charged in each count of the indictment.  The jury need not unanimously agree on each means or method, but, in order to convict, must unanimously agree upon at least one such means or method as one engaged in by the defendant.

Unless the government has proven the same means or method to each of you, beyond a reasonable doubt, you must acquit the defendant of the crime charged in the count of the indictment.

<u>INSTRUCTION NO. 21</u>

Testimony and/or an exhibit can be admitted into evidence during a trial only if it meets certain criteria or standards. It is the sworn duty of the attorney on each side of a case to object when the other side offers testimony or an exhibit which that attorney believes is not properly admissible under the rules of law. Only by raising an objection can a lawyer request and then obtain a ruling from the Court on the admissibility of the evidence being offered by the other side. You should not be influenced against an attorney or his client because the attorney has made an objection.

Do not attempt, moreover, to interpret my rulings on objections as somehow indicating how I think you should decide this case. I am simply making a ruling on a legal question regarding that particular piece of testimony or exhibit.

The rules of evidence ordinarily do not permit witnesses to testify as to their own opinions or their own conclusions about important questions in a trial. However, a witness may be allowed to testify to his or her opinion if the witness's opinion is rationally based on the witness's perception and is helpful to a clear understanding of the witness's testimony or to the determination of a fact in issue.

Further, a witness may be allowed to testify to his or her opinion if the witness qualifies as an "expert witness." An "expert witness" is someone who, by education or by experience, may have become knowledgeable in some technical, scientific, or very specialized area. If such knowledge or experience may be of assistance to you in understanding some of the evidence or in determining a fact, an "expert witness" in that area may state an opinion as to a matter in which he or she claims to be an expert.

You should consider each expert opinion received in evidence in this case and give it such weight, if any, as you may think it deserves. You should consider the testimony of expert witnesses just as you consider other evidence in this case. If you should decide that the opinion of an expert witness is not based upon sufficient education or experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you should conclude that the opinion is outweighed by other evidence, you may disregard the opinion in part or in its entirety.

As I have told you several times, you—the jury—are the sole judges of the facts of this case.

## INSTRUCTION NO. 23

An indictment is only a formal method used by the government to accuse a defendant of a crime. It is not evidence of any kind against the defendant. The defendant is presumed to be innocent of the crime charged. Even though this indictment has been returned against the defendant, the defendant begins this trial with absolutely no evidence against her.

The defendant has pled "Not Guilty" to this indictment and, therefore, denies that she is guilty of the charges.

<u>INSTRUCTION NO. 24</u>

The defendant is not on trial for any act or any conduct not specifically charged in the indictment.

<u>INSTRUCTION NO. 25</u>

The Court instructs the jury that although the indictment may charge a defendant with committing an offense in several ways, using conjunctive (i.e., "and") language, I instruct you that it is not necessary for the government to prove that the defendant did each of those things. It is sufficient if the government proves beyond a reasonable doubt that the defendant did any of these alternative acts as charged.

<u>INSTRUCTION NO. 26</u>

The Indictment charges that the offenses alleged in the Indictment were committed "on or about", or "in or about" or "at least in or about" a certain date.

Although it is necessary for the government to prove beyond a reasonable doubt that the offenses were committed on dates reasonably near the dates alleged in the indictment, it is not necessary for the government to prove that the offenses were committed precisely on the dates charged.

<u>INSTRUCTION NO. 27</u>

A person acts "knowingly," as that term is used in these instructions, if that person acts consciously and with awareness and comprehension and not because of ignorance, mistake or misunderstanding or other similar reason.

<u>INSTRUCTION NO. 28</u>

The intent of a person or the knowledge that a person possesses at any given time may not ordinarily be proved directly because there is no way of directly scrutinizing the workings of the human mind. In determining the issue of what a person knew or what a person intended at a particular time, you may consider any statements made or acts done or omitted by that person and all other facts and circumstances received in evidence which may aid in your determination of that person's knowledge or intent.

You may infer, but you are certainly not required to infer, that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted. It is entirely up to you, however, to decide what facts to find from the evidence received during this trial.

Rule 404 prohibits evidence of a person's character or character trait to prove that on a particular occasion the person acted in accordance with the character or trait. Rule 404(b) provides exceptions that the defendant may offer evidence of the defendant's pertinent trait, and if the evidence is admitted, the prosecutor may offer evidence to rebut it. Rule 404(b) permits evidence of the defendant's prior crimes, wrongs, or other bad acts to prove motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, but only if (1) relevant to an issue other than character; (2) necessary; and (3) reliable.

Evidence that an act was done or that an offense was committed by the defendant at some other time is not, of course, any evidence or proof whatever that, at another time, the defendant performed a similar act or committed a similar offense, including the offenses charged in this indictment.

Evidence of a similar act or offense may not be considered by the jury in determining whether the defendant actually performed the physical acts charged in this indictment. Nor may such evidence be considered for any other purpose whatever, unless the jury first finds beyond a reasonable doubt from other evidence in the case, standing alone, that the defendant physically did the acts charged in this indictment.

If the jury should find beyond a reasonable doubt from other evidence in the case that the defendant did the act or acts alleged in the particular count under consideration, the jury may then consider evidence as to an alleged earlier act of a like nature in determining the state of mind, knowledge, or intent with which the defendant actually did the act or acts charged in the particular count.

The defendant is not on trial for any acts or crimes not alleged in the indictment. Nor may the defendant be convicted of the crimes charged even if you were to find that he committed other crimes even crimes similar to the ones charged in this indictment.

<u>INSTRUCTION NO. 30</u>

Your decision on the facts of this case should not be determined by the number of witnesses testifying for or against a party. You should consider all the facts and circumstances in evidence to determine which of the witnesses you choose to believe or not believe.  You may find that the testimony of a smaller number of witnesses on one side is more credible than the testimony of a greater number of witnesses on the other side.

<u>INSTRUCTION NO. 31</u>

Count One of the indictment charges that from a date unknown, but by at least in or about 2008 and continuing through at least in or about 2014, in the Eastern District of Virginia and elsewhere, defendants YOUNG YI and DANNIE AHN knowingly and willfully did combine, conspire, confederate and agree with each other and others known and unknown to the grand jury, to commit the following offenses against the United States:

a. Health care fraud, that is, to knowingly and willfully execute, and attempt to execute, a scheme and artifice to defraud health care benefit programs affecting commerce, as defined in Title 18, United States Code, Section 24(b), including but not limited to Medicare, TRICARE, CareFirst BlueCross BlueShield, United Healthcare, and Cigna, and to obtain, by means of materially false and fraudulent pretenses, representations and promises, money and property owned by, and under the custody and control of, said health care benefit programs, in connection with the delivery of and payment for health care benefits, items and services, all in violation of Title 18, United States Code, Section 1347; and

b. Wire fraud, that is, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false or fraudulent pretenses, representations, and promises, knowingly transmits and causes to be transmitted by means of wire, radio, and television communication in interstate or foreign commerce, any writings, signs, signals, pictures, and sounds for the purpose of executing such scheme or artifice to defraud, in violation of Title 18, United States Code, Section 1343.

<u>INSTRUCTION NO. 32</u>

Section 1349, of Title 18, of the United States Code provides, in part, that:

> [a]ny person who … conspires to commit [health care and wire fraud] shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the … conspiracy

shall be guilty of an offense against the United States.

<u>INSTRUCTION NO. 33</u>

The first offense alleged in Count One as an object of the conspiracy is a conspiracy to commit health care fraud. Section 1347 of Title 18 of the United States Code provides, in relevant part, that:

> [w]hoever knowingly and willfully executes, or attempts to execute, a scheme or artifice—
>
> (1) to defraud any health care benefit program; or
>
> (2) to obtain, by means of false or fraudulent pretenses, representations, or promises, any of the money or property owned by, or under the custody or control of, any health care benefit program, in connection with the delivery of or payment for health care benefits, items, or services,

is guilty of a federal offense.

The second offense alleged in Count One as an object of the conspiracy is a conspiracy to commit wire fraud. Section 1343 of Title 18 of the United States Code provides, in relevant part, that:

> [w]hoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice

is guilty of a federal offense.

<u>INSTRUCTION NO. 34</u>

In order to sustain its burden of proof for the crime conspiracy to commit health care

fraud or wire fraud, as charged in Count One of the indictment, the government must prove the

following elements beyond a reasonable doubt:

<u>One</u>:　　　　The conspiracy, agreement, or understanding, to commit at least one of the objects of the conspiracy, that is, health care fraud and/or wire fraud, as described in the indictment, was formed, reached, or entered into by two or more persons;

<u>Two</u>:　　　　At some time during the existence or life of the conspiracy, agreement, or understanding, the defendant knew the purpose(s) of the agreement; and

<u>Three</u>:　　　With knowledge of the purpose(s) of the conspiracy, agreement, or understanding, the defendant then willfully joined the conspiracy, agreement, or understanding.

Count One of the indictment charges the defendant with conspiracy to commit two

separate substantive crimes:

a.     Health care fraud, that is, to knowingly and willfully execute, and attempt to
       execute, a scheme and artifice to defraud health care benefit programs affecting
       commerce, as defined in Title 18, United States Code, Section 24(b), including
       but not limited to Medicare, TRICARE, CareFirst BlueCross BlueShield, United
       Healthcare, and Cigna, and to obtain, by means of materially false and fraudulent
       pretenses, representations and promises, money and property owned by, and
       under the custody and control of, said health care benefit programs, in connection
       with the delivery of and payment for health care benefits, items and services, all
       in violation of Title 18, United States Code, Section 1347; and

b.     Wire fraud, that is, having devised and intending to devise a scheme and artifice
       to defraud, and for obtaining money and property by means of false or fraudulent
       pretenses, representations, and promises, knowingly transmits and causes to be
       transmitted by means of wire, radio, and television communication in interstate or
       foreign commerce, any writings, signs, signals, pictures, and sounds for the
       purpose of executing such scheme or artifice to defraud, in violation of Title 18,
       United States Code, Section 1343.

The Government does not have to prove that the defendant willfully conspired to commit

each crime as charged in the indictment.  It is sufficient if the Government proves beyond a

reasonable doubt that the defendant willfully conspired to commit at least one of those crimes.

But to return a verdict of guilty, you must all agree on at least one of the crimes the defendant

conspired to commit as charged in Count One.

<u>INSTRUCTION NO. 36</u>

A "health care benefit program" means "any public or private plan or contract, affecting commerce, under which any medical benefit, item, or service is provided to any individual, and includes any individual or entity who is providing a medical benefit, item, or service for which payment may be made under the plan or contract."

I further instruct you that "health insurance program" or "health care program" means a health care benefit program.

I instruct you that the parties have agreed that the Medicare Program ("Medicare") was a federal health care program providing benefits to individuals who were over the age of 65 or disabled. The Centers for Medicare and Medicaid Services ("CMS"), a federal agency under the United States Department of Health and Human Services, administered Medicare.

I instruct you that the parties have agreed that The TRICARE Program ("TRICARE") was a federal health care program providing benefits to individuals and dependents affiliated with the United States armed forces. The Department of Defense administered TRICARE.

I instruct you that the parties have agreed that CareFirst BlueCross BlueShield ("CareFirst"), United Healthcare, and Cigna were private health care programs that provided insurance contracts and plans, affecting interstate commerce, under which medical benefits, items, and services were provided to individuals.

The phrase "transmits by means of wire, radio, or television communication in interstate commerce" means to send by means of the internet, telephone lines, radio, or television.

The government need not prove that the defendant actually used a wire communication in interstate or foreign commerce or that the defendant even intended that anything be transmitted in interstate or foreign commerce by means of a wire, radio, or television communication to further the scheme or plan to defraud.

The government must prove beyond a reasonable doubt, however, that a transmission by a wire, radio, or television communication facility in interstate or foreign commerce was, in fact, used in some manner to further, or to advance, or to carry out the scheme to defraud, or the scheme to obtain money or property by means of false or fraudulent pretenses, representations, or promises. The government must also prove that the use of the wire, radio, or television communication in interstate or foreign commerce would follow in the ordinary course of business or events or that the use of the wire, radio, or television communication facility in interstate or foreign commerce by someone was reasonably foreseeable.

It is not necessary for the government to prove that the information transmitted by means of wire, radio, or television communication in interstate or foreign commerce itself was false or fraudulent or contained any false or fraudulent pretense, representation, or promise, or contained any request for money or thing of value.

The government must prove beyond a reasonable doubt, however, that the use of the wire, radio, or television communication in interstate or foreign commerce furthered, or advanced, or carried out, in some way, the scheme or plan to defraud or to obtain money or property by means of false or fraudulent pretenses, representations, or promises.

The phrase "any scheme or artifice to defraud", and "any scheme or artifice for obtaining money or property" means any deliberate plan of action or course of conduct by which someone intends to deceive or to cheat another or by which someone intends to deprive another of something of value.

The term "false or fraudulent pretenses, representations, or promises" means a statement or an assertion which concerns a material or important fact or a material or important aspect of the matter in question and that was either known to be untrue at the time that it was made or used, or that was made or used with reckless indifference as to whether it was, in fact, true or false, and made or used with the intent to defraud.  A material fact is a fact that would be of importance to a reasonable person in making a decision about a particular matter or transaction.

The term "false or fraudulent pretenses, representations, or promises" includes actual, direct false statements as well as half-truths, and includes the knowing concealment of facts that are material or important to the matter in question and that were made or used with the intent to defraud.

A "scheme or artifice to defraud" includes a scheme to deprive another person of tangible as well as intangible property rights. Intangible property rights means anything valued or considered to be a source of wealth.

It is not necessary for the government to prove that the defendant was actually successful in defrauding anyone, or was successful in obtaining money or property by means of false or fraudulent pretenses, representations, or promises. It is not necessary for the government to prove that anyone lost any money or property as a result of the scheme or plan to defraud, or to obtain money or property by means of false or fraudulent pretenses, representations, or promises.

An unsuccessful scheme or plan to defraud, and scheme or plan to obtain money by means of false or fraudulent pretenses, representations, or promises is as illegal as a scheme or plan that is ultimately successful.

A person acts "with intent to defraud" if she acts knowingly and willfully with the specific intent to deceive or to cheat.

An intent to defraud is accompanied, ordinarily, by a desire or a purpose to bring about some gain or benefit to oneself or some other person or by a desire or a purpose to cause some loss to some person.

<u>INSTRUCTION NO. 40</u>

Each transmission by wire, radio, or television communication in interstate commerce to advance, or to further, or to carry out the scheme or plan to defraud, and the scheme or plan to obtain money or property by means of false or fraudulent pretenses, representations, or promises may be a separate violation of the wire fraud statute.

A statement or representation is "material" if it has a natural tendency to influence or is capable of influencing the decision-making body to which it was addressed. Materiality looks to the effect on the likely or actual behavior of the recipient of the alleged misrepresentation.

A material fact is one which would reasonably be expected to be of concern to a reasonable and prudent person in relying upon the representation or statement in making a decision. This means that if you find a particular statement of fact to have been false, you must determine whether that statement was one that a reasonable person might have considered important in making his or her decision. The same principle applies to fraudulent half-truths or omissions of material fact—facts necessary to make the statements that were not materially misleading.

To be "material" it is not necessary that the statement or representation, in fact, influence or deceive.

The term "interstate commerce" includes commerce between one State, Territory, Possession, or the District of Columbia and another State, Territory, Possession, or the District of Columbia.

The government must prove beyond a reasonable doubt that the (public)(private) plan or contract affected or could have affected interstate commerce. Affecting interstate commerce means any action, which in any way, interferes with, changes, or alters the movement or transportation or flow of goods, merchandise, money, or other property in commerce between or among the states. The effect can be minimal.

<u>INSTRUCTION NO. 43</u>

For Counts One through Seven, the term "willfully," describes the alleged state of mind of the defendant, means that a person acts intentionally and purposely and with the specific intent to do something the law forbids, that is, with the bad purpose to disobey or to disregard the law.

## INSTRUCTION NO. 44

The "good faith" of defendant is a complete defense to the charges of conspiracy to commit health care and wire fraud contained in Count One, and health care fraud contained in Counts Two through Seven of the indictment because good faith on the part of the defendant is, simply, inconsistent with the intent to defraud or the intent to obtain money or property by means of false or fraudulent pretenses, representations, or promises as alleged in those charges.

A person who acts, or causes another person to act, on a belief or an opinion honestly held is not punishable under this statute merely because the belief or opinion turns out to be inaccurate, incorrect, or wrong. An honest mistake in judgment or an honest error in management does not rise to the level of criminal conduct.

A defendant does not act in "good faith" if, even though she honestly holds a certain opinion or belief, that defendant also knowingly makes false or fraudulent statements, representations or promises to others.

The law is written to subject to criminal punishment only those people who knowingly defraud or attempt to defraud, or who knowingly obtain money or property or attempt to obtain money or property by means of false or fraudulent pretenses, representations, or promises.

While the term "good faith" has no precise definition, it encompasses, among other things, a belief or opinion honestly held, an absence of malice or ill will, and an intention to avoid taking unfair advantage of another.

In determining whether or not the government has proven that defendant acted with an intent to defraud or to obtain money or property by means of false or fraudulent pretenses, representations, or promises or whether the defendant acted in good faith, the jury must consider all of the evidence received in the case bearing on the defendant's state of mind.

The burden of proving good faith does not rest with the defendant because the defendant does not have any obligation to prove anything in this case. It is the government's burden to prove to you, beyond a reasonable doubt, that defendant acted with the intent to defraud or intent to obtain money or property by means of false or fraudulent pretenses, representations, or promises.

If the evidence in the case leaves the jury with a reasonable doubt as to whether the defendant acted with the intent to defraud or intent to obtain money or property by means of false or fraudulent pretenses, representations, or promises. or in good faith, the jury must acquit the defendant.

<u>INSTRUCTION NO. 45</u>

I will now provide you with general instructions on conspiracy that you should follow when reaching your verdict on each of the conspiracy counts as charged in Counts One and Eight.

A criminal conspiracy is an agreement or a mutual understanding knowingly made or knowingly entered into by at least two people to violate the law by some joint or common plan or course of action. A conspiracy is, in a very true sense, a partnership in crime.

A conspiracy or agreement to violate the law, like any other kind of agreement or understanding, need not be formal, written, or even expressed directly in every detail.

The government must prove that the defendant and at least one other person knowingly and deliberately arrived at some type of agreement or understanding that they, and perhaps others, would commit an offense against the United States by means of some common plan or course of action as alleged in Counts One and Eight of the indictment. It is proof of this conscious understanding and deliberate agreement by the alleged members that should be central to your consideration of the charge of conspiracy.

To prove the existence of a conspiracy or an illegal agreement, the government is not required to produce a written contract between the parties or even produce evidence of an express oral agreement spelling out all of the details of the understanding. To prove that a conspiracy existed, moreover, the government is not required to show that all of the people named in the indictment as members of the conspiracy were, in fact, parties to the agreement, or that all of the members of the alleged conspiracy were named or charged, or that all of the people whom the evidence shows were actually members of a conspiracy agreed to all of the means or methods set out in the indictment.

Unless the government proves beyond a reasonable doubt that a conspiracy, as just explained, actually existed, then you must acquit the defendant of the charge contained in Counts One and Eight of the indictment.

<u>INSTRUCTION NO. 46</u>

Before the jury may find the defendant, or any other person, became a member of either of the conspiracies charged in Counts One and Eight of the indictment, the evidence in the case must show beyond a reasonable doubt that the defendant knew the purpose or goal of the agreement or understanding and then deliberately entered into the agreement intending, in some way, to accomplish the goal or purpose by this common plan or joint action.

If the evidence establishes beyond a reasonable doubt that defendant knowingly and deliberately entered into an agreement to commit health care fraud and/or wire fraud as charged in Count One, and conspiracy to defraud the United States as charged in Count Eight, the fact that the defendant did not join the agreement at its beginning, or did not know all of the details of the agreement, or did not participate in each act of the agreement, or did not play a major role in accomplishing the unlawful goal is not important to your decision regarding membership in the conspiracy. Similarly, the agreement need not have been so particular that the conspirators had in mind a particular time, place, and victim, but the agreement must at least have related to a particular type of criminal activity.

Merely associating with others and discussing common goals, mere similarity of conduct between or among such persons, merely being present at the place where a crime takes place or is discussed, or even knowing about criminal conduct does not, of itself, make someone a member of the conspiracy or a conspirator.

<u>INSTRUCTION NO. 47</u>

Now, some of the people who may have been involved in these events are not on trial. This does not matter. There is no requirement that all members of a conspiracy be charged and prosecuted, or tried together in one proceeding.

Nor is there any requirement that the names of the other conspirators be known. An indictment can charge a defendant with a conspiracy involving people whose names are not known to the government or to the defendant, as long as the government can prove that the defendant conspired with one or more of them. Whether they are named or not does not matter.

<u>INSTRUCTION NO. 48</u>

Evidence has been received in this case that certain persons, who are alleged in Counts One or Eight of the indictment to be co-conspirators of the defendant, have done or said things during the existence or life of the alleged conspiracy in order to further or advance its goals.

Such acts and statements of these other individuals may be considered by you in determining whether or not the government has proven the charges in Counts One and Eight of the indictment.

Since these acts may have been performed and these statements may have been made outside the presence of the defendant and even done or said without the defendant's knowledge, these acts or statements should be examined with particular care by you before considering them against the defendant who did not do the particular act or make the particular statement.

Counts Two through Seven of the indictment charge that from a date unknown to the grand jury but by at least 2008 through at least in or about 2014, in the Eastern District of Virginia and elsewhere, the defendants YOUNG YI and DANNIE AHN, along with others known and unknown to the grand jury, did knowingly and willfully execute and attempt to execute, a scheme and artifice to defraud and obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned and under the custody of various health care benefit programs, including Medicare, TRICARE, CareFirst BlueCross BlueShield, and United Healthcare, health care benefit programs affecting interstate commerce as defined in Title 18, United States Code, Section 24(b), in connection with the delivery of and payment for health care benefits, items and services, all in violation of Title 18, United States Code, Section 1347.

On or about the below listed dates, in the Eastern District of Virginia, for the purpose of executing the scheme and artifice to defraud, and to aid and abet the same, the defendants YOUNG YI and DANNIE AHN caused the transmission of the following claims to the health care benefit programs, which were for the patients, service, and approximate amounts listed in the table below, each claim being a separate count:

| Count | Date Billed | Patient | Services Billed | Amount Billed | Health Care Benefit Program |
|-------|-------------|---------|-----------------|---------------|------------------------------|
| 2 | 11/15/12 | Erika King | PSG | $2,400 | United Healthcare |
| 3 | 12/8/12 | Champei Nouv | PSG | $5,000 | United Healthcare |
| 4 | 1/11/13 | Frank Proctor | CPAP Titration | $3,000 | TRICARE |
| 5 | 1/29/13 | Mary Ulrey | CPAP Titration | $3,000 | CareFirst |
| 6 | 2/6/13 | Olga Levanda | PSG | $2,400 | United Healthcare |
| 7 | 2/27/13 | Joseph Boling | CPAP Titration | $3,000 | Medicare |

<u>INSTRUCTION NO. 50</u>

Section 1347 of Title 18 of the United States Code provides, in relevant part, that:

> [w]hoever knowingly and willfully executes, or attempts to execute, a scheme or artifice—
>
> > (1) to defraud any health care benefit program; or
> >
> > (2) to obtain, by means of false or fraudulent pretenses, representations, or promises, any of the money or property owned by, or under the custody or control of, any health care benefit program, in connection with the delivery of or payment for health care benefits, items, or services,

shall be guilty of an offense against the United States.

<u>INSTRUCTION NO. 51</u>

In order to sustain its burden of proof for health care fraud as charged in Counts 2-7, the

government must prove the following essential elements beyond a reasonable doubt:

<u>One:</u>   That the defendant knowingly and willfully executed or attempted to execute a scheme or artifice to defraud a health care benefit program;

OR

That the defendant knowingly and willfully executed or attempted to execute a scheme or artifice to obtain, by means of material false and fraudulent pretenses, representations, and promises, money and property owned by, or under the custody of various health care benefit programs

<u>Two:</u>   That the defendant acted with the intent to defraud; and

<u>Three</u>:  That the health care benefit program was a public or private plan or contract, affecting commerce in connection with the delivery of or payment for health care benefits, items, or services.

INSTRUCTION NO. 52

Count Eight of the indictment charges that beginning on a date unknown, but by at least in or about 2010 through at least in or about November 2011, in the Eastern District of Virginia and elsewhere, the defendants YOUNG YI and DANNIE AHN, and others did unlawfully, voluntarily, intentionally and knowingly combine, conspire, confederate and agree together, and with each other and with others individuals both known and unknown to the grand jury, to defraud the United States for the purpose of impeding, impairing, obstructing, and defeating the lawful government functions of the Internal Revenue Service of the Department of Treasury in the ascertainment, computation, assessment, and collection of revenue: to wit, income taxes.

<u>INSTRUCTION NO. 53</u>

Section 371, of Title 18, of the United States Code provides, in part, that:

> [i]f two or more persons conspire . . . to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy,

shall be guilty of a federal offense.

<u>INSTRUCTION NO. 54</u>

In order to sustain its burden of proof for the conspiracy as charged in Count Eight of the

indictment, the government must prove the following elements beyond a reasonable doubt:

<u>One</u>:        The conspiracy, agreement, or understanding, to defraud the United States, as described in the indictment, was formed, reached, or entered into by two or more persons;

<u>Two</u>:        At some time during the existence or life of the conspiracy, agreement, or understanding, the defendant knew the purpose of the agreement;

<u>Three</u>:        With knowledge of the purpose of the conspiracy, agreement, or understanding, the defendant then willfully joined the conspiracy, agreement, or understanding; and

<u>Four</u>:        At some time during the existence or life of the conspiracy, agreement, or understanding, one of its alleged members knowingly performed one of the overt acts charged in the indictment and did so in order to further or advance the purpose of the agreement.

<u>INSTRUCTION NO. 55</u>

In order to sustain its burden of proof under Count Eight of the indictment, the government must prove beyond a reasonable doubt that one of the members of the alleged conspiracy or agreement knowingly performed at least one overt act and that this overt act was performed during the existence or life of that conspiracy and was done to somehow further one of the goals of that conspiracy or agreement.

The term "overt act" means some type of outward, objective action performed by one of the parties to or one of the members of the agreement or conspiracy which evidences that agreement. Although you must unanimously agree that the same overt act was committed, the government is not required to prove more than one of the overt acts charged.

The overt act may, but for the alleged illegal agreement, appear totally innocent and legal.

<u>INSTRUCTION NO. 56</u>

Section 6 of Title 18 of the United States Code provides in relevant part that:

> [t]he term "agency" includes any department, independent establishment, commission, administration, authority, board or bureau of the United States or any corporation in which the United States has a proprietary interest . . . .

I instruct you that the Internal Revenue Service ("IRS"), and Internal Revenue Service, Criminal Investigation ("IRS-CI") are both agencies of the United States Department of Treasury, a department of the United States. The IRS was responsible for the ascertainment, computation, assessment, and collection of taxes, including income taxes.

The terms "department" or "agency" as used in these instructions includes both IRS and IRS-CI.

<u>INSTRUCTION NO. 57</u>

Count Nine of the indictment charges that on or about October 12, 2011, in the Eastern District of Virginia and elsewhere, the defendant YOUNG YI, a resident of the Eastern District of Virginia, did willfully make and subscribe a U.S. Individual Income Tax Return, Form 1040 for the calendar year 2010, which was verified by a written declaration that it was made under the penalties of perjury and which she did not believe to be true and correct as to every material matter. This Individual Income Tax Return, which was prepared and signed in the Eastern District of Virginia, and was filed with the IRS, stated that the defendant's total income was $3,809,839 (Line 22), when as she then and there knew, the amount of total income on Line 22 was substantially greater.

<u>INSTRUCTION NO. 58</u>

Section 7206(1) of Title 26 of the United States Code provides that:

> [a]ny person who –
>
> [w]illfully makes and subscribes any return, statement, or other document, which contains or is verified by a written declaration that it is made under the penalties of perjury, and which he does not believe to be true and correct as to every material matter . . .

shall be guilty of an offense against the United States.

<u>INSTRUCTION NO. 59</u>

In order to sustain its burden of proof for the crime of willfully filing a false tax return as

charged in Count Nine of the indictment, the government must prove the following essential

elements beyond a reasonable doubt:

<u>One:</u>   That the defendant made and signed a tax return for the year 2010 that contained false information as to a material matter as detailed in the indictment;

<u>Two:</u>   That the defendant knew that this information was false;

<u>Three:</u> That the false statement was material;

<u>Four:</u>  That the return contained a written declaration that it was being signed subject to the penalties of perjury; and

<u>Five:</u>  That in filing the false tax return, the defendant acted willfully.

A statement is "material" if it has a natural tendency to influence or is capable of influencing the Internal Revenue Service.  The test of materiality is whether a particular item must be reported in order that the taxpayer estimate and compute this tax correctly.  The purpose of this law is not simply to ensure that the taxpayer pay the proper amount of taxes, but also to ensure that the taxpayer not make misstatements that could hinder the Internal Revenue Service in carrying out such functions as the verification of the accuracy of the return or of a related return.  Thus, your determination of materiality does not depend upon the amount of the unpaid tax.

<u>INSTRUCTION NO. 61</u>

An income tax return may be materially false not only because of a misstatement of a material matter, but also because of an omission of a material matter.

<u>INSTRUCTION NO. 62</u>

The indictment charges in Count Nine that the defendant's income tax return for the year 2010 was false in material respects, e.g., the amount of total income was substantially greater than state in the tax return.

You are instructed that it is sufficient if you find that the government has established beyond a reasonable doubt that any item on that tax return was both material and falsely reported on that tax return. In other words, the government does not have to prove that all of the items on that tax return were false and material: proof of the falsity and materiality of a single item is sufficient. You must unanimously agree on at least one such item for each count. On the other hand, if you unanimously find that none of these items was material and falsely reported on the charged tax return, then you should acquit the defendant.

## INSTRUCTION NO. 63

In order to sustain its burden of proof for the crime of filing a false tax return as charged in Count Nine of the indictment, the government must prove that the defendant acted "willfully."

To act willfully means to act voluntarily and deliberately and intending to violate a known legal duty.

Negligent conduct is not sufficient to constitute willfulness.

INSTRUCTION NO. 64

The good faith of defendant is a complete defense to the tax charges in Counts Eight and Nine of the indictment because good faith is simply inconsistent with conspiracy to defraud the United States or willfully filing a fraudulent tax return.

While the term "good faith" has no precise definition, it means, among other things, an honest belief, a lack of malice, and the intent to perform all lawful obligations. A person who acts on a belief or on an opinion honestly held is not punishable under this statute merely because that honest belief turns out to be incorrect or wrong. The tax laws subject to criminal punishment only those people who willfully file a fraudulent tax return.

If a person acts without reasonable grounds for belief that her conduct is lawful, it is for the jury to decide whether that person has acted in good faith in order to comply with the law or whether that person has willfully filed a fraudulent return.

A person who believes that her tax return truthfully reports the taxable income and allowable deductions under the tax law acts in good faith and cannot be found guilty of "willfully" filing a false return as charged in Count of the indictment.

In determining whether or not the government has proven that the defendant willfully filed a fraudulent tax return or whether the defendant acted in good faith, the jury must consider all of the evidence received in the case bearing on the defendant's state of mind.

The burden of proving good faith does not rest with the defendant because the defendant has no obligation to prove anything to you. The government has the burden of proving to you beyond a reasonable doubt that the defendant acted willfully.

If the evidence in the case leaves the jury with a reasonable doubt as to whether the defendant acted in good faith or acted willfully in filing a fraudulent tax return, the jury must acquit the defendant.

<u>INSTRUCTION NO. 65</u>

Section 6061 of Title 26 provides for the signing of returns and other documents, and provides:

(a) General rule.--Except as otherwise provided by subsection (b) and sections 6062 and 6063, any return, statement, or other document required to be made under any provision of the internal revenue laws or regulations shall be signed in accordance with forms or regulations prescribed by the Secretary.

(b) Electronic signatures.-

(1) In general.--The Secretary shall develop procedures for the acceptance of signatures in digital or other electronic form. Until such time as such procedures are in place, the Secretary may—

(A) waive the requirement of a signature for; or

(B) provide for alternative methods of signing or subscribing, a particular type or class of return, declaration, statement, or other document required or permitted to be made or written under internal revenue laws and regulations.

In general, the word "subscribe" simply means to sign one's name to a document. In the case of an electronically filed return, an electronic signature made in accordance with guidance published by the IRS is for all purposes the same as a written signature on a paper tax return.

<u>INSTRUCTION NO. 66</u>

Section 6064 of Title 26 of the United States Code provides, in part, that:

"[t]he fact that an individual's name is signed to a return … shall be prima facie evidence for all purposes that the return … was actually signed by her."

In other words, you may infer and find that a tax return was, in fact, signed by the person whose name appears to be signed to it. You are not required, however, to accept any such inference or to make any such finding.

If you find beyond a reasonable doubt from the evidence in the case that the defendant signed the tax return in question, then you may also draw the inference and may also find, but are not required to find, that the defendant knew of the contents of the return that she signed.

INSTRUCTION NO. 67

A person may violate the law even though he or she does not personally do each and every act constituting the offense if that person "aided and abetted" the commission of the offense.

Section 2(a) of Title 18 of the United States Code provides:

> [w]hoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.

Before the defendant may be held responsible for aiding and abetting others in the commission of a crime, it is necessary that the government prove beyond a reasonable doubt that the defendant knowingly and deliberately associated herself in some way with the crime charged and participated in it with the intent to commit the crime.

In order to be found guilty of aiding and abetting the commission of the crimes charged in Counts Two through Seven of the indictment, the government must prove beyond a reasonable doubt that the defendant:

One:  knew that the crime charged was to be committed or was being committed;

Two:  knowingly did some act for the purpose of aiding, commanding, or encouraging the commission of that crime; and

Three:  acted with the intention of causing the crime charged to be committed.

Before the defendant may be found guilty as an aider or an abettor to the crime, the government must also prove, beyond a reasonable doubt, that some person or persons committed each of the essential elements of the offense charged as detailed for you in these instructions. It is not necessary, however, that the government prove the actual identity of the perpetrator of the crime, or that that person was charged or convicted of the crime.

Merely being present at the scene of the crime or merely knowing that a crime is being committed or is about to be committed is not sufficient conduct for the jury to find the defendant aided and abetted the commission of that crime.

The government must prove that the defendant knowingly associated herself with the crime in some way as a participant—someone who wanted the crime to be committed—not as a mere spectator.

The government need not prove, however, that the defendant knew the precise date, means, or victim of the crime the accomplice planned to commit. Moreover, the extent or the importance of the aid the defendant provided does not matter, so long as the government proved beyond a reasonable doubt that the defendant knowingly did some act for the purpose of aiding, commanding, or encouraging the commission of the crime.

It is not necessary for the government to have specifically charged the defendant with aiding and abetting in the indictment. The defendant can be convicted as an aider and abettor even though he was indicted as a principal for commission of the underlying offense and not as an aider and abettor. Therefore, you may consider whether, pursuant to this instruction, the government has proved beyond a reasonable doubt that the defendant aided and abetted the commission of any crime charged in Counts Two through Seven of the indictment.

Upon retiring to your jury room to begin your deliberation, you must elect one of your members to act as your foreperson. The foreperson will preside over your deliberations and will be your spokesperson here in court.

Your verdict must represent the collective judgment of the jury. In order to return a verdict, it is necessary that each juror agree to it. Your verdict, in other words, must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so without violence to individual judgment. Each of you must decide the case for himself and herself, but do so only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and to change your opinion if convinced it is erroneous. Do not surrender your honest conviction, however, solely because of the opinion of your fellow jurors or for the mere purpose of thereby being able to return a unanimous verdict.

Remember at all times that you are not partisans. You are judges–judges of the facts of this case. Your sole interest is to seek the truth from the evidence received during the trial.

Your verdict must be based solely upon the evidence received in the case. Nothing you have seen or read outside of court may be considered. Nothing that I have said or done during the course of this trial is intended in any way to somehow suggest to you what I think your verdict should be. Nothing said in these instructions and nothing in any form of verdict, is to suggest or convey to you in any way or manner any intimation as to what verdict I think you should return. What the verdict shall be is the exclusive duty and responsibility of the jury. As I have told you many times, you are the sole judges of the facts.

The punishment provided by law for the offenses charged in the indictment is a matter exclusively within the province of the Court and should never be considered by the jury in any way in arriving at an impartial verdict as to the offenses charged.

A form of verdict has been prepared for your convenience.

[The verdict or a summary can be read to the jury]

You will take this form to the jury room and, when you have reached unanimous agreement as to your verdict, you will have your foreperson write your verdict, on the form, date and sign the form, and then return with your verdict to the courtroom.

If it becomes necessary during your deliberations to communicate with the Court, you may send a note, signed by your foreperson or by one or more members of the jury, through the bailiff. No member of the jury should ever attempt to communicate with the Court by any means other than a signed writing and the Court will never communicate with any member of the jury concerning the evidence, your opinions, or the deliberations other than in writing or orally here in open court.

You will note from the oath about to be taken by the Court Security Officers that they too, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury concerning the evidence, your opinions, or the deliberations.

Bear in mind also that you are never to reveal to any person–not even to the Court–how the jury stands, numerically or otherwise, on the question of whether or not the government has sustained its burden of proof until after you have reached a unanimous verdict.

## INSTRUCTION NO. 69

I am sending the exhibits which have been received in evidence during the trial with you as you retire for your deliberations.